UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACE PAVING CO., INC.,<br><br>Defendant. | Case No. 2:13-CV-01457-BAT<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs have moved for summary judgment. Dkt. 12. Defendant has not responded. Having reviewed the record and pleadings, the Court concludes there is no genuine issue of material fact and plaintiffs are entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** plaintiffs' summary judgment motion.

**DISCUSSION**

Plaintiffs are three trust funds and one local union.[1] The record shows the plaintiffs' trusts were organized to collect trust funds and that the plaintiff union was organized to collect

---

[1] The trusts are Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund; Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund; and Western Washington Operating Engineers-Employers Training Trust Fund. The local union is Local 302 of the International Union of Operating Engineers.

ORDER GRANTING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT - 1

union dues. Dkt. 1. The record shows there is no dispute that plaintiffs and defendant entered into agreements obligating defendant to make payments into plaintiffs' trust funds and to remit union dues to plaintiff that is a union. *See* Dkt. 12. Specifically, defendant entered into a collective bargaining agreement with the plaintiff trusts requiring defendant to promptly and fully report and pay monthly contributions to the plaintiffs' trust funds pursuant to the agreement; defendant also entered into an agreement with the plaintiff union to make certain deductions from its employees' paychecks and remit the deductions to the plaintiff local. Dkt. 12. All plaintiffs have submitted declarations and exhibits establishing (1) defendant breached its agreements by failing to make payments promptly to the plaintiff trusts and to the plaintiff union that were due under the parties' agreements; (2) under the agreements the plaintiffs are entitled to liquidated damages, interest, and reasonable attorney's fees; and (3) the amounts owed for the time period between June 2013 and October 2013 under the parties' agreements are $690.98 for trust contributions, $12.45 for union dues, $869.54 for liquidated damages, and $157.49 for interest through December 5, 2013 (which will continue to accrue until all contributions are fully paid).

Viewing these facts in the light most favorable to defendant, the Court finds that plaintiffs have satisfied their burden of presenting facts establishing their entitlement to judgment as a matter of law. Because defendant has not filed anything in opposition to plaintiffs' motion and thus failed to present "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(a), the Court concludes summary judgment is appropriate and **GRANTS** plaintiffs' motion.

## CONCLUSION

The Court finds plaintiffs are entitled to judgment as a matter of law on the unpaid

contributions, liquidated damages based on the amount of delinquent contributions at the time plaintiffs filed this action, interest, and reasonable attorney's fees and costs. The Court therefore **ORDERS**:

1. Plaintiffs' Motion for Summary Judgment (Dkt. 12) is **GRANTED**;
2. Judgment is awarded in favor of plaintiffs for the employment period of June 2013 through October 2013 as set forth below;
   a. $690.98 for contributions.
   b. $12.45 for dues.
   c. $869.54 for liquidated damages.
   d. $157.49 for interest through December 5, 2013 (which will continue to accrue until all contributions are fully paid).
   e. Reasonable attorney's fees and costs to be determined after plaintiffs submit a motion for fees and costs.
3. The Clerk shall provide a copy of this order to all parties.

DATED this 10th day of January, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge